UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

R. Alexander Acosta, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

      v.

NORTH PROVIDENCE PRIMARY CARE
ASSOCIATES INC., NORTH PROVIDENCE
URGENT CARE, INC., CENTER OF NEW
ENGLAND PRIMARY CARE, INC.,
CENTER OF NEW ENGLAND URGENT
CARE, INC. , Dr. ANTHONY FARINA, JR.,
AND BRENDA DELSIGNORE,

                Defendants.

Civil Action No.

## COMPLAINT

Plaintiff, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants from violating the provisions of Sections 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. §§216, 217, 211, 215(a)(2), and 215(a)(5), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2), 216(c).

I

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. § 1345.

1

II

Defendant NORTH PROVIDENCE PRIMARY CARE ASSOCIATES, INC. ("NPPC"), is, and at all times hereinafter mentioned was, a corporation having an office and place of business located at 180 Mineral Spring Avenue, Providence, RI, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the operation of a primary care medical office.

III

Defendant NORTH PROVIDENCE URGENT CARE, INC. ("NPUC"), is, and at all times hereinafter mentioned was, a corporation having an office and place of business located at 180 Mineral Spring Avenue, Providence, RI, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the operation of an urgent care medical office.

IV

Defendant CENTER OF NE PRIMARY CARE, INC. ("CNEPC"), is, and at all times hereinafter mentioned was, a corporation having an office and place of business located at 775 Center of New England Blvd, West Greenwich, RI, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the operation of a primary care medical office.

V

Defendant CENTER OF NE URGENT CARE, INC. ("CNEUC"), is, and at all times hereinafter mentioned was, a corporation having an office and place of business located at 775 Center of New England Blvd, West Greenwich, RI, within the jurisdiction of this Court, and is

now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the operation of an urgent care medical office.

VI

Defendant DR. ANTHONY FARINA ("FARINA") resides at 193 Central Avenue, Johnston, RI, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, president of all four defendant corporations, and as such actively directs the business affairs and operations of said business, including establishing company policy related to both operations and human relations/pay practices for all four corporations. Defendant Farina hires and fires employees for all four companies. Defendant Farina has acted at all times material herein directly and indirectly in the interest of the four Defendant corporations in relation to their employees and was and is, therefore, an employer of said employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

VII

Defendant BRENDA DELSIGNORE ("DELSIGNORE") resides at 1 Winika Ct., Johnston, RI, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, Practice Manager of all four defendant corporations, and as such actively directs the business affairs and operations of said business, including determining rates of pay, and reviewing and approving time card detail in all four corporations. Delsignore developed and enforced employee payment policies such as the policy that thirty minutes for lunch would be deducted from all employees' time records, regardless of whether an employee took lunch. Defendant Delsignore hires and fires employees for all four companies. Defendant Delsignore has acted at all times material herein directly and indirectly in the interest of the four Defendant

3

corporations in relation to their employees and was and is, therefore, an employer of said

employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

## VIII

Defendants NPPC, NPUC, CNEPC, CNEUC, Farina and Delsignore are, and at all times

hereinafter mentioned were, engaged in related activities performed through unified operation or

common control for a common business.  The Defendant corporations are engaged in the related

activities of operating primary care and urgent care medical offices.  The entities are located at

two Rhode Island addresses; one in North Providence, and one in West Greenwich, each

consisting of an urgent care walk-in clinic on the ground floor and a primary care practice on the

second floor.   The four Defendant corporations are commonly owned and operated with

Defendant Farina as President, and Defendant Delsignore as Operations Manager of all four

corporations and entities.  Defendants Farina and Delsignore establish company policy and

Defendant Delsignore handles the billing for each facility operated under the four corporate

Defendants.  A number of employees, including doctors, medical secretaries, EMT's and X-ray

Technicians are shared by the four entities. The four entities also share a general manager, who

processes payroll for all four entities, which is approved by Defendant Delsignore before being

sent to ADP Payroll.  They are, and at all times hereinafter mentioned were, an enterprise within

the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

## IX

At all times hereinafter mentioned, Defendants NPPC, NPUC, CNEPC, CNEUC, Farina

and Delsignore employed employees, in the activities of said enterprise, which is engaged in

commerce or in the production of goods for commerce, including employees handling, selling, or

4

otherwise working on goods or materials that have been moved in or produced for commerce, such as receiving and using medical supplies from Henry Schein Medical Supplies in New York. In addition, the front office employees handle transmissions by phone, mail and computer that cross state lines. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Therefore, said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

X

Defendants have willfully and repeatedly violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a), by employing and failing to properly compensate approximately one hundred and three (103)  employees, including Medical Secretaries, Receptionists, X-Ray Technicians, Medical Assistants, EMT's and a bookkeeper, working  at one or more of the entities.  These employees, between the period of July 20, 2015 and the present, worked for workweeks longer than forty (40) hours, and received compensation from Defendants for their employment in excess of forty (40) hours in said workweeks at rates less than one and one-half times the regular rate at which they were compensated.  Such overtime violations include the following:

1. Defendants, throughout the period from approximately July 20, 2015 to the present, paid straight time for all hours worked, including hours worked over forty (40) in a work week, to approximately forty-six (46) employees.  An example of this occurred on of about the week ending January 8, 2016, at North Providence

Primary Care when an hourly employee worked approximately 66 hours that week and was paid straight time at $11 per hour for all hours worked. Another example of this occurred on or about the week ending November 13, 2016 at Central New England Urgent Care when an hourly EMT worked approximately 48 hours and was paid straight time at $12 per hour for all hours worked. A third example of this occurred between approximately September 5, 2016 and September 11, 2016 at North Providence Urgent Care when an hourly nurse practitioner was paid straight time for 42.75 hours per week. The defendants produced time keeping documents which stated the employee worked 42.75 hours. Payroll documents submitted by defendants for that same work week for that same employee show that the employee was paid for forty hours at $25.00 per hour and an additional $68.75 under the category "Other" on the payroll document. The $68.75 is the straight time amount for 2.75 hours at $25.00 per hour for that employee.

1. The Defendants, throughout the period from approximately July 20, 2015 to the present, deducted thirty minutes from the time cards of the majority of hourly employees for lunch, regardless of whether employees were able to take a lunch break free from work, resulting in approximately eighty-three (83) employees not being compensated for all of their hours worked, or being paid time and one half their regular rate in overtime weeks. The investigation revealed that for the majority of days worked, employees were unable to take a half hour lunch uninterrupted. An example of this occurred on or about the week ending January

6

15, 2016, when an hourly employee, working as a medical assistant at Central New England Primary Care, worked approximately 46.25 hours and was not paid her regular rate of $12.50 per hour or time and one half for 2.5 hours of deducted lunch time that week.  That employee was also paid straight time only for the other 3.75 hours over 40 per week that she worked that week.

2.  The Defendants, throughout the period from approximately July 20, 2015 to the present,  did not combine hours worked by employees working at more than one location in one work week for overtime purposes, resulting in approximately twelve (12) employees not being paid time and one half their regular rate in overtime weeks. An example of this occurred on or about the week ending December 18, 2016 when an hourly employee working as an EMT, worked 25.5 hours at Center of New England Urgent Care and 26.75 hours at North Providence Urgent Care and was paid two checks at the straight time rate of $15.00 per hour, with no overtime premium payment for the combined hours over 40 per week.

3.  The Defendants, throughout the period from approximately July 20, 2015 to the present, misclassified approximately thirteen (13) employees as exempt such as approximately three (3) X-Ray Technicians, two (2) Medical Assistants, a Book keeper, a Scheduler, four (4) Medical Secretaries, a front desk Receptionist, and an Accounts Payroll employee.  The Medical Secretaries had similar duties, such as checking patients in and out, filling out information sheets, entering data into the computer, printing paperwork for patients, taking copays, answering phone

7

calls, emptying trash and vacuuming.  The Receptionist's duties similarly included checking patients in and out, making folders, replenishing supplies for the front office, answering phone calls, booking appointments, filing, faxing typing letters, emptying trash and vacuuming.  The Scheduler's duties included pulling charts, checking patients in, answering phones, making referrals, checking and verifying insurance.  The Medical Assistant's duties included bringing patients into exam rooms, weighing patients, taking patients' blood pressure, requesting records for other medical providers, faxing in prescriptions for patients, cleaning and sweeping at the end of a shift.  X-Ray Technicians' duties included performed diagnostic imaging, and helping with laundry, filing and cleaning.  The Bookkeeper's duties included recording the payables and receivables, paying the bills and negotiating payment plans with current vendors. The Accounts Payroll employee's duties included accounting functions such as accounts payable, and payroll.  Such employees worked a range of hours, between approximately 42 and 60 hours per week and were not paid overtime premiums for hours worked over 40 per week.   An example of this occurred between approximately July 20, 2015 and September 27, 2015 when a nonexempt salaried employee, working as a Scheduler at the North Providence Primary Care, worked approximately between 45 and 50 hours per week and was not paid overtime premiums for any hours over 40 per week.  Another example of this occurred between approximately July 20, 2015 and November 29, 2015, when a Medical

Secretary worked approximately 55 hours per week and was not paid overtime premiums for any hours over 40 per week.

XI

Defendants have willfully and repeatedly violated and are violating the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment, as prescribed by regulations duly issued pursuant to authority granted in the Act and found in Title 29, Part 516 of the Code of Federal Regulations. Such recordkeeping violations include the following:

2. Defendants, throughout the period from approximately July 20, 2015 to the present, did not keep accurate records for hourly employee by deducting a half hour per day for lunch for the majority of hourly employees, regardless of whether an employee was free from work during that half hour per day. The investigation revealed that for the majority of days worked, employees were unable to take a half hour lunch uninterrupted.

3. Defendants, throughout the period from approximately July 20, 2015 to the present, failed to keep and produce to the Secretary any time records for approximately twelve (12) employees they had misclassified as exempt salaried employees such as X-Ray Technicians, Medical Assistants, a Book keeper, a Scheduler, four (4) Medical Secretaries, a front desk Receptionist, and an Accounts Payable employee.

9

XII

Defendants' violations of the Act, as set forth above, were knowing, deliberate, and intentional.  Defendants knowingly paid a number of employees straight time for hours over forty (40) per week, as shown in their own payroll records, sometimes attempting to hide such hours by using categories such as "Other" in payroll records for overtime hours worked and paid at straight time. In addition, Defendants deliberatively altered time cards for hourly employees to remove a half hour for lunch from employees' timecards, regardless of whether those employees took a lunch break.

XIII

Since July 20, 2015, Defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act as alleged.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from prospectively violating the Act; and

(2) For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid back wages found due to Defendants' employees listed in the attached Exhibit A, plus liquidated damages equal in amount to the unpaid compensation found due;

Alternatively, in the event liquidated damages are not awarded, Plaintiff prays for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from

10

withholding payment of unpaid back wages found due to Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

(3) For an Order awarding Plaintiff the costs of this action; and

(4) For an Order granting such other and further relief as may be necessary and appropriate.

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Susan G. Salzberg
Susan G. Salzberg
Senior Trial Attorney
salzberg.susan@dol.gov
MA BBO No. 556437

U.S. Department of Labor
Attorneys for Petitioner

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142