UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

R. Alexander Acosta, Secretary of Labor,
United States Department of Labor
        Plaintiff

      vs.                              Civil Action No. 1:19-cv-00002-JJM-LDA

North Providence Primary Care Associates, Inc.;
North Providence Urgent Care Inc.;
Center of New England Primary Care Inc.;
Center of New England Urgent Care Inc.;
Dr. Anthony Farina, Jr.; and
Brenda DelSignore
        Defendants

DEFENDANTS' JOINT ANSWER TO THE COMPLAINT

Defendants North Providence Primary Care Associates, Inc. ("NPPC"), North Providence Urgent Care Inc. ("NPUC"), Center of New England Primary Care Inc. ("CNEPC"), Center of New England Urgent Care Inc. ("CNEUC"), Dr. Anthony Farina, Jr. ("Dr. Farina"); and Brenda DelSignore ("DelSignore") (sometimes collectively, "defendants") hereby file their Answer to the Complaint filed by plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (sometimes, "plaintiff" or "USDOL") in the above-entitled action and respond as follows:

With respect to the introductory paragraph set forth in plaintiff's Complaint, no response is required. However, to the extent a response is required, defendants deny the allegations or inferences contained therein and leave the USDOL to its proof.

I. ("Subject Matter Jurisdiction")[1]

With respect to statements concerning subject matter jurisdiction as set forth in plaintiff's

---

[1] Throughout the USDOL's Complaint, plaintiff references headings with Roman numerals I through XIII alone without any further description of the heading. These headings encompassed within the thirteen (13) numbered sections also appear to include, in part, actual legal causes of action asserted against the defendants. Where possible, defendants have inserted a description for each of the numbered headings in order to clarify the pleadings. For example, in Roman numeral heading "I" immediately above, defendants have inserted the phrase "Subject Matter Jurisdiction" since it appears that the statement of law contained within this subsection refers to matters pertaining to the subject matter jurisdiction of this Court over the issues raised in plaintiff's Complaint.

1

Complaint, a response is not required since those statements consist of legal statements or conclusions of law. To the extent a response is required, defendants deny the allegations and leave plaintiff to its proof.

## II. ("Party and Personal Jurisdiction - NPPC")[2]

Defendants admit that NPPC is and was at all times referenced therein, a corporation having an office and place of business at <u>1830</u> (not 180 as alleged in plaintiff's Complaint) Mineral Spring Avenue, North Providence, Rhode Island in the business of providing primary care medical services. With respect to the remaining allegations, defendants deny those allegations and leave plaintiff to its proof.

## III. ("Party and Personal Jurisdiction - NPUC")[3]

Defendants admit that NPUC is and was at all times referenced therein, a corporation having an office and place of business at <u>1830</u> (not 180 as alleged in plaintiff's Complaint) Mineral Spring Avenue, North Providence, Rhode Island in the business of providing urgent care medical services. With respect to the remaining allegations, defendants deny those allegations and leave plaintiff to its proof.

## IV. ("Party and Personal Jurisdiction - CNEPC")[4]

Defendants admit that CNEPC is and was at all times referenced therein, a corporation having an office and place of business at 775 Center of New England Boulevard, West Greenwich, Rhode Island in the business of providing primary care medical services. With respect to the remaining allegations, defendants deny those allegations and leave plaintiff to its proof.

---

[2] Defendant has inserted the heading "*Party and Personal Jurisdiction - NPPC*".

[3] Defendant has inserted the heading "*Party and Personal Jurisdiction - NPUC*".

[4] Defendant has inserted the heading "*Party and Personal Jurisdiction – CNEPC*".

V. ("Party and Personal Jurisdiction - CNEUC")[5]

Defendants admit that CNEUC is and was at all times referenced therein, a corporation having an office and place of business at 775 Center of New England Boulevard, West Greenwich, Rhode Island in the business of providing urgent care medical services. With respect to the remaining allegations, defendants deny those allegations and leave plaintiff to its proof.

VI. ("Party and Personal Jurisdiction - Farina")[6]

Defendants admit that Farina is a resident of the State of Rhode Island and is and was at all times referenced therein, the President of the four (4) corporations named as defendants in this case. Farina denies the remaining allegations and leaves plaintiff to its proof.

VII. ("Party and Personal Jurisdiction - DelSignore")[7]

Defendants admit that DelSignore is a resident of the State of Rhode Island as set forth in the plaintiff's Complaint but denies the remaining allegations and leaves plaintiff to its proof.

VIII. ("Factual Allegations – All Defendants")[8]

Defendants deny the allegations contained therein and therefore leave plaintiff to its proof. The statements contained therein also contain statements and conclusions of law to which no response is required.

IX. ("Factual Allegations – All Defendants")[9]

Defendants deny the allegations contained therein and therefore leave plaintiff to its proof. The statements contained therein also contain statements and conclusions of law to which no

---

[5] Defendant has inserted the heading "*Party and Personal Jurisdiction – CNEUC*".

[6] Defendant has inserted the heading "*Party and Personal Jurisdiction – Farina*".

[7] Defendant has inserted the heading "*Party and Personal Jurisdiction – DelSignore*".

[8] Defendant has inserted the heading "*Party and Personal Jurisdiction – All Defendants*".

[9] Defendant has inserted the heading "*Party and Personal Jurisdiction – All Defendants*".

response is required.

## X. ("Factual Allegations – All Defendants")[10]

Defendants deny the allegations contained therein (including all subsections) and therefore leave plaintiff to its proof. The statements contained therein also contain statements and conclusions of law to which no response is required.

## XI. ("Factual Allegations – All Defendants")[11]

Defendants deny the allegations contained therein (including all subsections) and therefore leave plaintiff to its proof. The statements contained therein also contain statements and conclusions of law to which no response is required.

## XII. ("Factual Allegations – All Defendants")[12]

Defendants deny the allegations contained therein (including all subsections) and therefore leave plaintiff to its proof. The statements contained therein also contain statements and conclusions of law to which no response is required.

## XIII. ("Factual Allegations – All Defendants")[13]

Defendants deny the allegations contained therein (including all subsections) and therefore leave plaintiff to its proof. The statements contained therein also contain statements and conclusions of law to which no response is required.

Wherefore, defendants respectfully that judgment enter in their favor on all counts of plaintiff's Complaint; that all relief requested by plaintiff's in its Complaint be denied; that defendants be awarded their costs and attorney's fees and any other relief this Court deems just and appropriate.

---

[10] Defendant has inserted the heading "*Party and Personal Jurisdiction – All Defendants*".
[11] Defendant has inserted the heading "*Party and Personal Jurisdiction – All Defendants*".
[12] Defendant has inserted the heading "*Party and Personal Jurisdiction – All Defendants*".
[13] Defendant has inserted the heading "*Party and Personal Jurisdiction – All Defendants*".

## Affirmative Defenses

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to state with particularity the claims being pursued by the USDOL on behalf of each individual employee.

3. Plaintiff has failed to state with particularity the claims being pursued by the USDOL against each of the individual defendant corporations or the individual defendants.

4. Plaintiff is impermissibly attempting to pierce the corporate veil which each individual defendant corporation enjoys under the law by "lumping in" any claims asserted in the Complaint which the USDOL purportedly has against a single defendant corporation and trying to impose said liability on a joint and severally liability basis against all four (4) defendant corporations. Each of the defendant corporations are separate entities which must be treated separately and differently.

5. DelSignore is not personally liable for any of the allegations or causes of actions set forth in the Complaint nor is she considered an employer under applicable law.

6. Farina is not personally liable for any of the allegations or causes of actions set forth in the Complaint nor is he considered an employer under applicable law.

7. Statute of limitations.

8. Waiver.

9. Laches.

10. Estoppel.

11. Defendants reserve the right to raise or assert further affirmative defenses during the course of this legal proceeding as permitted by the applicable rules and laws.

## JURY TRIAL CLAIM

Defendants demand a trial by jury on all issues so triable and designate Michael J. Lepizzera, Jr. as their trial counsel.

    Defendants,
North Providence Primary Care Associates, Inc.
North Providence Urgent Care Inc.
Center of New England Primary Care Inc.
Center of New England Urgent Care Inc.
Dr. Anthony Farina, Jr. and
Brenda DelSignore

*/s/ Michael J. Lepizzera, Jr.*
Michael J. Lepizzera, Jr. (#4995)
Lepizzera & Laprocina Counsellors at Law, Ltd.
117 Metro Center Blvd. Suite 2001
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 384-6960
Email: mlepizzera@leplap.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Michael J. Lepizzera, Jr.*
Michael J. Lepizzera, Jr.