UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EUGENE SCALIA, Secretary of
Labor, United States Department of Labor,[1]

    Plaintiff,

v.

NORTH PROVIDENCE PRIMARY CARE
ASSOCIATES INC., NORTH PROVIDENCE
URGENT CARE, INC., CENTER OF NEW
ENGLAND PRIMARY CARE, INC.,
CENTER OF NEW ENGLAND URGENT
CARE, INC., Dr. ANTHONY FARINA, JR.,
AND BRENDA DELSIGNORE,

    Defendants.

Civil Action No.
1:19-cv-00002-MSM-LDA

## MEMORANDUM OF LAW IN SUPPORT OF SECRETARY OF LABOR'S MOTION FOR SANCTIONS REGARDING INITIAL DISCLOSURES AND TO COMPEL DISCOVERY RESPONSES

The Defendants in this case have failed to make the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, which were due more than six months ago in this case that is primarily about Defendants' willful failure to pay their employees the overtime premium required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). Plaintiff Secretary of Labor, United States Department of Labor (the "Secretary"), requests that the Court, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, sanction Defendants by not allowing them to rely on any information or individual they failed initially to disclose in support of any motion, at any hearing, or at trial.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Eugene Scalia is automatically substituted as the proper Plaintiff in this case.

1

Defendants have also completely failed to respond to the Secretary's discovery requests, have not provided any justification for that failure, and have not requested an extension of time to provide their discovery responses. Thus, the Secretary requests that the Court compel Defendants to comply with their discovery obligations regarding the interrogatories and requests for production of documents that the Secretary served on July 25, 2019.[2]

## BACKGROUND

The Wage and Hour Division of the United States Department of Labor (the "WHD") conducted an investigation of Defendants, which revealed, among other things, that Defendants had intentionally or recklessly failed to pay approximately 103 employees the required overtime premium for hours worked over 40 hours in certain workweeks, which violates the FLSA, *see* 29 U.S.C. § 207. Based on that investigation, the Secretary has alleged in this case that Defendants: (1) paid their employees straight time wages for all hours worked, including hours worked over 40 in a workweek; (2) did not combine the hours of employees who worked at more than one location in a workweek for overtime purposes; (3) misclassified approximately 13 employees as exempt from the FLSA; (4) deducted 30 minutes for lunch from the time cards of the majority of hourly employees regardless of whether those employees were able to take a lunch break; and (5) deliberately altered the time cards of some hourly employees by removing 30 minutes for lunch from the time cards regardless of whether those employees took a lunch break. *See* Compl. ¶¶ X–XII (ECF No. 1).

---

[2] Those interrogatories and requests for production are Exhibit 2 Declaration of Attorney Susan G. Salzberg, which is attached hereto as Exhibit A. Defendants also failed to timely respond to the Secretary's requests for admission and, accordingly, those requests were deemed admitted by operation of Rule 36(a)(3) of the Federal Rules of Civil Procedure.

Defendants were required to make their initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure by May 8, 2019. (Salzberg Decl. ¶ 2). Despite numerous requests by the Secretary, Defendants have failed to make those initial disclosures. *(Id.* ¶¶ 2–4, 6, 9–12). The Secretary's counsel has sent counsel for Defendants four communications requesting that Defendants' initial disclosures be made—one email on June 25, 2019, one letter on July 23, 2019 and two emails in September of 2019—yet Defendants still failed to make those disclosures. (*Id.* ¶¶ 5–13). Now more than six months have passed since Defendants were required to provide their disclosures, and Defendants have never communicated to the Secretary any reason for their failure to comply with the initial disclosure requirements of Rule 26(a)(1). (*Id.* ¶¶ 2–13).

On July 25, 2019, the Secretary served on Defendants his First Set of Requests for Production of Documents, First Set of Interrogatories, and Requests for Admissions. (*Id.* ¶ 7, and Ex. 2 to Salzberg Decl.). Those discovery requests sought to acquire information concerning, among other things, the hours worked by Defendants' employees, Defendants' actions to delete and adjust employees' time entries, compensation paid by Defendants to employees, and whether Defendants are in compliance with the FLSA. (Ex. 2 to Salzberg Decl.). Defendants' responses to the Secretary's discovery requests, by operation of the Federal Rules of Civil Procedure, were due on August 26, 2019. Fed. R. Civ. P. 33(b)(2), 34(b)(2), and 36(a)(3).

More than two months have passed since Defendants' discovery responses were due, and Defendants have completely failed to respond to the Secretary's discovery requests. (Salzberg Decl. ¶¶ 8, 10, 13). Defendants have offered no justification for that failure, nor have they requested additional time to provide their responses despite the Secretary's efforts to get Defendants to satisfy their discovery obligations. (*Id.* ¶¶ 8–13).

3

On September 3, 2019, the Secretary's counsel sent an email to Defendants' counsel requesting that Defendants respond to the Secretary's interrogatories and requests for production of documents, as well as provide Defendants' initial disclosures, which were then four months overdue. (*Id.* ¶ 9). That email also informed the Defendants' counsel that all of the Secretary's requests for admission were deemed admitted by operation of Rule 36(a)(3) of the Federal Rules of Civil Procedure because Defendants failed to timely respond to those requests. (*Id.*). Defendants' attorney simply did not respond to the Secretary's communication. (*Id.* ¶ 10).

After another two weeks went by with no response from Defendants, the Secretary's counsel sent an additional email to Defendants' counsel on September 16, 2019, informing him that if he did not respond or give a date certain for providing discovery responses by September 20, 2019, the Secretary would be forced to begin the process of filing a motion to compel discovery. (*Id.* ¶ 11). For Defendants' convenience, on September 16, 2019, the Secretary's counsel emailed to Defendants' counsel all of the Secretary's discovery requests that were previously served on Defendants on July 25, 2019. (*Id.*).

Other than one email sent by Defendants' counsel to counsel for the Secretary on October 8, 2019, where Defendants' counsel stated he would be in touch about discovery issues but then failed to follow through, Defendants have simply ignored the Secretary's discovery requests and discovery-related communications. (*Id.* ¶¶ 8–13). Counsel for the Secretary followed up on the October 8, 2019 email from Defendants' counsel about scheduling a time to discuss the discovery issues, and Defendants' counsel again failed to respond. (*Id.* ¶¶ 12–13).

To date, Defendants' counsel has not responded to or communicated with the Secretary's counsel regarding Defendants' failure to respond to the Secretary's discovery requests or Defendants' failure to comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure, other

4

than Defendants' counsel's email of October 8, 2019 regarding scheduling a discovery discussion that never occurred despite the Secretary's efforts to have that discussion. (*Id.* ¶¶ 12–13).

## ARGUMENT

### I. Legal Frameworks and Standards

#### A. *Initial Disclosures and Related Sanctions*

"A party must make initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Fed. R. Civ. P. 26(a)(1)(C). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the party that has failed to make a disclosure to show that such a failure "was either justified or harmless." *Wilson v. Bradlees of New Eng., Inc.*, 250 F.3d 10, 21 (1st Cir. 2001).

This sanction of precluding the use of information and witnesses under Rule 37(c)(1) "requires the near automatic exclusion of Rule 26 information that is not timely disclosed." *Id.*; *see also* Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment (referring to Rule 37(c)(1) as an "automatic sanction"). This sanction is "self-executing" when a party fails to make a required disclosure under Rule 26(a), and does not require that a motion to compel be filed prior to imposition of the sanction. *Ortiz-Lopez v. Sociedad Española de Auxilio Mutuo y Beneficiencia de P.R.*, 248 F.3d 29, 33 (1st Cir. 2001).

The United States Court of Appeals for the First Circuit has looked to a number of factors when reviewing district courts' decisions about precluding evidence under Rule 37(c)(1), such as "the sanctioned party's justification for the late disclosure; the opponent-party's ability to overcome its adverse effects (*i.e.*, harmlessness); the history of the litigation; the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence." *Harriman v. Hancock Cnty.*, 627 F.3d 22, 30 (1st Cir. 2010). However, the "baseline rule is that the required sanction in the ordinary case is mandatory preclusion." *Id.* at 29 (internal quotation marks omitted).

In addition to or instead of the above-mentioned preclusion sanction, under Rule 37(c)(1) the Court may: (1) award reasonable expenses, including attorney's fees, caused by the failure; (2) inform the jury of the failure; or (3) impose other appropriate sanctions, including striking the party's pleadings and rendering default judgment against the disobedient party. Fed. R. Civ. P. 37(c)(1)(A)–(C).

### B. *Motion to Compel Discovery Responses*

"Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Further, "information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.*

The United States Court of Appeals for the First Circuit has stated that "the purpose of pretrial discovery is to make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Macaulay v. Anas*, 321 F.3d 45, 53 (1st Cir. 2003) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)) (internal quotation marks omitted). Consistent with these principles, Rule 26(b)'s broad language

6

generally permits the liberal exchange of relevant information. *In re Peruvian Sporting Goods S.A.C.*, No. 18-MC-91220, 2018 WL 7047645, at *4 (D. Mass. Dec. 7, 2018). "[B]ecause 'discovery itself is designed to help define and clarify the issues,' the limits set forth in Rule 26 must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Under the Federal Rules of Civil Procedure, a party may "move for an order compelling an answer, designation, production or inspection," Fed. R. Civ. P. 37(a)(3)(B), if, among other reasons, "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents . . . under Rule 34," Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

## II. The Court Should Sanction Defendants for Failing to Make Their Initial Disclosures

Defendants' initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure were due to be served on the Secretary by May 8, 2019, more than six months ago. (Salzberg Decl. ¶ 2). As noted above, where "a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Despite various requests by the Secretary for Defendants to make their initial disclosures, they have failed to do so and have not provided the Secretary with any justification for that failure. (Salzberg Decl. ¶¶ 2–13). Thus, Defendants' failure to make the required disclosures is not "substantially justified." Fed. R. Civ. P. 37(c)(1). Nor is Defendants' failure to make their disclosures harmless, as that failure has significantly impaired the Secretary's ability to litigate

7

this case, expeditiously prepare the case for trial, and recover the back wages that the Secretary has found Defendants have unlawfully kept from their employees.

With respect to other factors that the First Circuit considers in deciding whether the preclusion sanction is justified, Defendants' history in this ligation of completely failing to respond to the Secretary's discovery requests and the vast majority of the Secretary's correspondence supports the sanction here. *See Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este*, 456 F.3d 272, 277 (1st Cir. 2006) (upholding the sanction of preclusion where, among other things, "the record is replete with instances in which the [offending party] refused to work cooperatively with the [other party] in creating an efficient discovery process"). This is not a case in which Defendants have simply failed to meet a single deadline. *Cf. Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 80 (1st Cir. 2009) (reversing the district court's preclusion of an expert witness under Rule 37(c)(1) where the offending party missed only one deadline rather than having engaged in "serial violations" or "repeated failures" (internal quotation marks omitted)).

In addition, any extension of the pre-trial deadlines to allow Defendants to make their disclosures, and the Secretary to seek discovery based on those disclosures, would likely affect the Court's docket and delay the employees' receipt of the back wages that the Secretary has found Defendants owe to them. Based on all of the foregoing, preclusion is an appropriate sanction here. *See Benjamin v. B & H Educ., Inc.*, 877 F.3d 1139, 1150–51 (9th Cir. 2017) (upholding a district court's decision in an FLSA case to strike declarations under Rule 37(c)(1) where the declarations were filed in support of a motion for summary judgment and the declarants had not been disclosed previously under Rule 26).

If the Court does not order this preclusion sanction, the Secretary requests that the Court order Defendants to make their initial disclosures within five days and that the Secretary be granted interrogatories and requests for admission beyond the numerical limits to seek discovery with respect to Defendants' initial disclosures, along with the attorney's fees and costs associated with the present motion.

### III. The Court Should Compel Defendants to Produce Responsive Discovery

Given that this case is primarily about Defendants' failure to pay their employees the overtime premium required by the FLSA, the Secretary served the discovery at issue here seeking information and documents to evaluate and prove, among other things: (1) the number of hours Defendants' employees worked; (2) the overtime compensation due for that work; (3) the basis for any exemptions from the FLSA claimed by Defendants; and (4) the extent to which Defendants violated the FLSA by misrepresenting the hours that employees worked and the wages that were paid to employees on Defendants' time and payroll records. (Salzberg Decl. ¶ 7).

Courts have concluded that information and records concerning hours worked and compensation paid are relevant to and discoverable in cases under the FLSA. *See Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687–88 (S.D. Fla. 2007); *Mitchell v. Savini*, 25 F.R.D. 275, 275–76 (D. Mass. 1960) (in an FLSA action brought by the Secretary, information about "[t]he nature and type of work performed and the number of hours," was "clearly relevant."). In *Donahay*, an employee filed suit for unpaid overtime under the FLSA and later moved to compel discovery. 242 F.R.D. at 687. The court in that case granted the motion, requiring the defendants to answer interrogatories concerning the plaintiff's compensation and the hours he worked. *Id.* at 687–88. One interrogatory asked the defendants to "state with

specificity the time, manner, and amount in which Plaintiff was compensated by Defendants." *Id.*
In ordering the defendants to answer, the court in *Donahay* stated that "[t]he information sought
. . . is clearly relevant and discoverable as it will allow Plaintiff to calculate damages, if any, in
the case." *Id.* at 688.

As in *Donahay,* the information the Secretary seeks in discovery here is plainly relevant to his claims under the FLSA. The Secretary has served the discovery at issue in this case to obtain information regarding the Defendants' overtime and recordkeeping violations, including any violations that continued after the Secretary's period of investigation. The Secretary also requires the requested documents and information to calculate damages.

Defendants here have wholly failed to respond to the Secretary's discovery requests and have not provided to the Secretary any justification for that failure, nor have they requested an extension of time to provide their discovery responses. (Salzberg Decl. ¶¶ 7–13). Other than the one email that Defendants' counsel sent to counsel for the Secretary on October 8, 2019 about setting up a discovery conversation that never occurred despite the efforts of the Secretary's counsel to schedule that conversation, Defendants have simply failed to respond to all of the Secretary's discovery-related communications. (*Id.* ¶¶ 8–13). Thus, the Court should enter an order compelling Defendants to respond forthwith to all of the Secretary's interrogatories and requests for production of documents attached as Exhibit 2 to the Declaration of Attorney Susan G. Salzberg.

## CONCLUSION

For the foregoing reasons, the Secretary of Labor's Motion for Sanctions Regarding Initial Disclosures and to Compel Discovery Responses should be granted. Defendants' failure to comply with their initial disclosure obligations under Rule 26(a)(1) for more than six months and

their complete failure to respond to any of the Secretary's discovery requests has prevented the Secretary from obtaining necessary information to litigate this case and prepare it for trial. Defendants have not offered any justification for their failures in these regards. The Secretary, therefore, respectfully requests that the Court sanction Defendants for their failure to make the required initial disclosures and compel Defendants to respond to the Secretary's interrogatories and requests for production of documents.

Respectfully submitted,

For Plaintiff
Secretary of Labor

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142
salzberg.susan@dol.gov

*/s/ Susan G. Salzberg*
Susan G. Salzberg (MA556437)
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Date: November 15, 2019

## CERTIFICATE OF SERVICE

    I hereby do certify that I served the foregoing Memorandum in Support of the Secretary's Motion for Sanctions Regarding Initial Disclosures and to Compel Discovery Responses to Defendants through their attorney, Michael J. Lepizzera, Jr., on the 15th day of November, 2019, by ECF.

*/s/ Susan G. Salzberg*
