UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

            Plaintiff,

    v.

NORTH PROVIDENCE PRIMARY CARE
ASSOCIATES INC., NORTH PROVIDENCE
URGENT CARE, INC., CENTER OF NEW
ENGLAND PRIMARY CARE, INC.,
CENTER OF NEW ENGLAND URGENT
CARE, INC., Dr. ANTHONY FARINA, JR.,
AND BRENDA DELSIGNORE,

            Defendants.

Civil Action No.
1:19-cv-00002-MSM-LDA

## **SECRETARY OF LABOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Secretary of Labor, United States Department of Labor (the "Secretary"), hereby moves pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules of the United States District Court for the District of Rhode Island for partial summary judgment in favor of the Secretary in this case that is primarily about Defendants' failure to pay their employees the overtime premium required by the Fair Labor Standards Act (the "FLSA").

There are no genuine disputes of material fact on various important aspects of this case, and the Secretary is entitled to judgment as a matter of law on the following issues:

1) Defendants failed to pay their employees the premium required by the FLSA for overtime hours worked;

2) The Secretary is entitled to recover liquidated damages on behalf of employees who were denied overtime compensation as a result of Defendants' FLSA violations;

1

3) Defendants were or are employers of the employees listed in Exhibit A to the Secretary's Complaint in this case (with the exception of the 12 individuals that Defendants claim are exempt from the FLSA);

4) Defendants violated the recordkeeping provisions of the FLSA; and

5) Defendants' FLSA violations were willful and are ongoing.

In addition, the Secretary requests that the Court issue an order permanently enjoining and restraining Defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of Sections 7, 11, 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5).

Should the Court enter partial summary judgment for the Secretary as requested above, the only issues for trial would be whether Defendants have met their burden to prove that the 12 individuals they have identified as exempt from the FLSA are properly classified as exempt, and the amount of overtime compensation Defendants owe their nonexempt employees.

Respectfully submitted,

For Plaintiff Secretary of Labor

Kate S. O'Scannlain
Solicitor of Labor

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E–375
Boston, Massachusetts 02203
TEL: (617) 565–2500
FAX: (617) 565–2142
salzberg.susan@dol.gov

Date: October 16, 2020

Maia S. Fisher
Regional Solicitor

*/s/ Susan G. Salzberg*
Susan G. Salzberg (MA556437)
Senior Trial Attorney
U.S. Department of Labor
Attorneys for Plaintiff

2

CERTIFICATE OF SERVICE

       I hereby do certify that I served the foregoing document to Defendants through their attorney, Michael J. Lepizzera, Jr., on the 16th day of October, 2020, by ECF.

                                            */s/ Susan G. Salzberg*
                                            Susan G. Salzberg (MA556437)
                                            Senior Trial Attorney
                                            U.S. Department of Labor