UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MARTIN J. WALSH,[1] Secretary of Labor, United States Department of Labor,<br><br>  Plaintiff,<br><br>  v.<br><br>NORTH PROVIDENCE PRIMARY CARE ASSOCIATES, INC., NORTH PROVIDENCE URGENT CARE, INC., CENTER OF NEW ENGLAND PRIMARY CARE, INC., CENTER OF NEW ENGLAND URGENT CARE, INC., DR. ANTHONY FARINA, JR., and BRENDA DELSIGNORE,<br><br>  Defendants. | C.A. No. 1:19-CV-0002-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

  The Secretary of Labor, United States Department of Labor ("Secretary"), moves for partial summary on the defendants' failure to pay their employees the overtime premium required under the Fair Labor Standards Act ("FLSA"). The Secretary seeks summary judgment on the following issues:

 1. That the defendants failed to pay their employees the premium required by the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary Martin J. Walsh has been substituted as the plaintiff.

1

FLSA for overtime hours worked;

2. That the Secretary is entitled to recover liquidated damages on behalf of employees who were denied overtime compensation as a result of the defendants' FLSA violations;

3. That the defendants were or are employers of the employees listed in Exhibit A to the Secretary's Complaint (with the exception of the 12 individuals that the defendants claim are exempt from the FLSA);

4. That the defendants violated the recordkeeping provisions of the FLSA; and

5. That the defendants' FLSA violations were willful and are ongoing.

In addition, the Secretary requests that the Court issue an order permanently enjoining and restraining the defendants from ongoing or future violations of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5).

For the following reasons, the Court GRANTS IN PART and DENIES IN PART the Secretary's Motion for Partial Summary Judgment (ECF No. 20).

## I.   BACKGROUND

The corporate defendants[2] are medical facilities owned by defendant Dr. Anthony Farina, Jr., the sole corporate officer. Two of those corporations operate in the same building in North Providence, Rhode Island, and the other two in the same building in West Greenwich, Rhode Island. It is undisputed that for purposes of this case, the corporate defendants are a single enterprise covered by the FLSA. (ECF

---

[2] North Providence Primary Care Associates, Inc.; North Providence Urgent Care, Inc.; Center of New England Primary Care, Inc.; and Center of New England Urgent Care, Inc.

No. 21 ¶¶ 25-33.)

Defendant Brenda Delsignore was the practice manager for the corporate defendants. *Id.* ¶ 12. She was involved in the hiring, firing, and supervising of employees, setting employees' schedules, and enforcing the defendants' practices and procedures for paying employees, including the approval or disapproval of the payment of overtime. *Id.* ¶¶ 13–17, 20, 22. She had no ownership interest in the corporate defendants.

From July 2015 on, the defendants did not pay employees the overtime premium for hours worked over 40 per week, unless those overtime hours were authorized in advance by the defendants. *Id.* ¶¶ 34–35, 38-52. The defendants also had a practice of deducting 30 minutes of lunch time from the hours worked by any employee who worked six hours or more in a day regardless of whether those employees in fact took a 30-minute lunch break. *Id.* ¶¶ 53–55. This practice is apparent on the defendants' own records, which show instances where employees punched out for a 30-minute lunch and the defendants deducted an additional 30 minutes from those employees' hours worked for that day. *Id.* ¶¶ 55–59. The defendants also required certain employees to report to work at 7:45 a.m. but did not start paying them until 8:00 a.m. *Id.* ¶¶ 54, 97. The defendants also had a policy of not paying for any unauthorized hours worked prior to 7:45 a.m. at any of the corporate defendants' locations. *Id.* ¶ 98.

In addition, the defendants at times did not combine the hours worked by certain employees in a single workweek at more than one of the corporate defendants'

3

locations, which resulted in those employees not being paid the required premium for overtime hours worked. *Id.* ¶¶ 86–95. The corporate defendants had no system in place to determine when an employee punched in at different locations and, as a result, worked more than 40 hours in one workweek at more than one of the corporate defendants' facilities. *Id.* ¶ 96.

With respect to recordkeeping, the defendants failed at times to record the actual hours worked per day and per week by employees, including the deductions of 30 minutes per day from employees' daily hours worked even though those employees had already clocked out for a 30-minute break. *Id.* ¶¶ 99-100. Thus, the total hours per day and week that the defendants recorded did not reflect actual hours worked by those employees. *Id.* ¶ 101.

In addition, the defendants sometimes incorrectly categorized payments made to employees at their straight time pay rates for hours worked over 40 hours in a workweek. *Id.* ¶¶ 102–03. For instance, some of the defendants' records show that employees worked overtime hours but the corresponding payments to those employees do not show any payment for overtime hours worked; the defendants' payroll records contain categories called "Other" or "Miscellaneous," which record payments the defendants made to these employees at the employees' straight-time pay rates for hours worked over 40 per week. *Id.* ¶¶ 102–03.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v.*

*Osco Drug. Inc.,* 895 F.2d 46, 50 (1st Cir. 1990). Summary judgment can be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." *Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52 (1st Cir. 2000).

### III.   DISCUSSION

#### A. Failure to Pay Overtime

To establish an employer's liability for overtime work under the FLSA, the Secretary must show that the employer employed nonexempt employees "for a workweek longer than forty hours" and did not compensate those employees for hours worked in excess of 40 per week "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1); *Manning v. Bos. Med. Ctr. Corp.,* 725 F.3d 34, 43 (1st Cir. 2013). In addition to showing that employees performed work for which they were not properly compensated, the Secretary must also show that the employer had actual or constructive knowledge of that work. *Manning*, 725 F.3d at 43–44.

Though the defendants regard their FLSA violations as "a few select errors" and "technical violative actions," they do not dispute that there were instances of

5

their failure to pay overtime for work of which they were aware. (ECF No. 23 at 4.) Thus, the Secretary has established, as a matter of law, instances of the defendants' violation of the FLSA's overtime provisions. The Court therefore grants the Secretary's Motion for Partial Summary Judgment on the issue of liability for overtime violations, leaving for trial the question of damages—that is, how much the defendants owe which employees in overtime back wages and whether the 12 employees the defendants have identified as exempt from the FLSA are properly classified as such.

### B. The Employer Status of Dr. Farina and Brenda Delsignore

The defendants do not dispute that Dr. Farina is an employer for purposes of the FLSA. Thus, the Secretary's Motion on that issue is granted. The defendants do dispute, however, the employer status of their practice manager, Brenda Delsignore.

To be held liable under the overtime provisions of the FLSA, a person must be an "'employer,' which is defined broadly to include 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Manning*, 725 F.3d at 47 (quoting 29 U.S.C. § 203(d)). Rather than looking to "technical common law concepts to define the scope of the employer-employee relationship under the Act," courts instead look "to economic reality." *Donovan v. Agnew*, 712 F.2d 1509, 1513 (1st Cir. 1983). Under this "economic reality test" courts consider several factors "including the individual's ownership interest, degree of control over the corporation's financial affairs and compensation practices, and role in causing the corporation to compensate (or to not compensate) employees in accordance with the FLSA." *Chao*

*v. Hotel Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007). Applying the "economic reality test" requires consideration of "the totality of the individual's level of involvement with the corporation's day-to-day operations, as well as their direct participation in creating or adopting the unlawful pay practices." *Manning*, 725 F.3d at 47. When there is no allegation that the individual defendant had an ownership interest in the company, "the allegations as to [the individual's] involvement in setting and enforcing unlawful pay practices at issue become all the more important." *Id.* at 50. The "analysis focuse[s] on the role played by the corporate officers in causing the corporation to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits." *Id.* at 47 (quoting *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998)).

Here, it is undisputed that Ms. Delsignore was the practice manager and administrator of all four corporate defendants and that her duties included enforcing payment policies. (ECF No. 1. ¶¶ 12–17, 19–22.) She had the authority to hire and fire employees, supervise employees, control employees' work schedules and conditions of employment, and determine the rate and method of employees' pay. *Id.* ¶¶ 3–11, 13–17, 19–22. With respect to overtime, Ms. Delsignore had the authority to approve or disapprove payment of overtime worked by employees of all four corporate defendants' locations. *Id.* ¶¶ 20, 22, 41–42. Indeed, the defendants' records make clear that Ms. Delsignore personally denied the payment of overtime worked by employees. *Id.* ¶¶ 41–42.

It is clear as a matter of law that Ms. Delsignore had "the personal

7

responsibility for making decisions about the conduct of the business that contributed to the violations of the [FLSA]," and the undisputed economic reality demonstrates that she was an employer for purposes of the FLSA. *See Baystate Alt. Staffing*, 163 F.3d at 678.

### C. The Defendants' Recordkeeping Violations

The Secretary argues that there is no genuine dispute that, from July 2015 to the present, the defendants disregarded three distinct FLSA record-keeping regulations as a matter of law. The Court agrees.

First, the defendants violated 29 C.F.R. § 516.2(a)(7), which requires an employer to maintain for each employee records of "[h]ours worked each workday and total hours worked each workweek." The defendants' records demonstrate instances of their automatically deducting 30 minutes per day for lunch despite employees already having punched out for lunch. The total hours per day and week that the defendant recorded for such employees therefore does not reflect the actual hours worked by employees.

Secondly, the defendants did not accurately record employees' straight time earnings, as required by 29 C.F.R. § 516.2(a)(8). The defendants at times used the categories of "Other" and "Miscellaneous" on their payroll records during weeks in which employees worked overtime hours. Yet these records show no wages paid at an overtime rate. Instead, hours categorized as "Other" or "Miscellaneous" were paid at straight time wages for the exact or approximately equal number of hours the employees worked over 40 hours. Thus, these records provide an inaccurate record

8

of the employees' straight time earnings.

Finally, the defendants violated the recordkeeping requirements of 29 C.F.R. §§ 516.5–516.7, because they did not keep their employees' time records for the preceding two-year period, and their employees' payroll records for the preceding three-year period, "accessible at the places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained," such that they could be "made available" to the Secretary "within 72 hours." 29 C.F.R. § 516.7(a).

During its investigation of the defendants, the Wage and Hour Division of the United States Department of Labor issued an administrative subpoena for the defendants' payroll and time records. The defendants, however, did not produce certain time records until discovery in this case, years after the subpoena was served. (ECF No. 1 ¶¶ 104–07.)

### D. The Willfulness of Defendants' Violations

"The FLSA imposes a two-year statute of limitations unless the violations are shown to be willful, in which case a three-year period applies." *Reich v. Newspapers of New Eng., Inc.*, 44 F.3d 1060, 1079 (1st Cir. 1995) (citing 29 U.S.C. § 255(a)). A violation is willful when "the employer either knew or showed reckless disregard for … whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Whether an FLSA violation is willful is a "mixed question of law and fact." *McLaughlin v. Hogar San Jose, Inc.*, 865 F.2d 12, 14 (1st Cir. 1989).

The Secretary argues that the willful nature of the defendants' violations is evidenced as a matter of law from the facts that the defendants engaged in a practice of automatic 30-minute deductions for lunch; categorized apparent overtime hours as "Other" or "Miscellaneous" paid at a straight-time rate; denied any overtime not approved in advance; failed to keep adequate records; and failed to implement a system where they could flag whether employees worked more than 40 hours across the defendants' multiple locations.

The defendants point to Dr. Farina's deposition testimony and answers to interrogatories where he testifies that certain violations, such as the failure to combine hours worked at different locations, resulted from oversight or human error. Or, that policies were enacted (perhaps clumsily) to rectify an historic problem of employees failing to punch out for lunch.

While the weight of the evidence may point toward willfulness, the fact that a weighing is required is a problem for a party seeking summary adjudication. "At the summary judgment stage … there is 'no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his [or her] own ideas of probability and likelihood (no matter how reasonable those ideas may be) ….'" *Velez-Gomez v. SMA Life Assur. Co.*, 8 F.3d 873, 877 (1st Cir. 1993) (quoting *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987)). The defendants present some evidence that, particularly when viewed in the light most favorable to them and resolving all doubts and reasonable inferences in their favor, as the Court must on a motion for summary

judgment, at least supports an inference against willfulness, and thus it should be left for the trier of fact to make that determination. *See Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 684 (1st Cir. 1994). Thus, the Secretary's Motion is denied on the issue of willfulness.

### E. Liquidated Damages

An employer who violates the overtime provisions of the FLSA is liable for both past due compensation and an equal amount of liquidated damages. 29 U.S.C. § 216(c). "The only way an employer can escape liquidated damages is to 'show[] to the satisfaction of the court' that it acted in good faith and had reasonable grounds for believing that its acts did not violate the FLSA." *Hotel Oasis*, 493 F.3d at 35 (quoting 29 U.S.C. § 260).

As with the issue of willfulness, the Secretary's evidence in support of liquidated damages is strong, but, also like the issue of willfulness, there are questions of fact regarding the defense of good faith which must be resolved by a trier of fact. That is, whether the defendants' assertions of error and oversight will satisfy their burden to demonstrate good faith. The Secretary's Motion is therefore denied on liquidated damages.

### F. Injunctive Relief

The Secretary asks that the Court enjoin the defendants from future violations of the overtime and recordkeeping provisions of the FLSA. *See Newspapers of New Eng., Inc.*, 44 F.3d at 1081 (holding that the FLSA "authorizes the district courts to enjoin violations of the overtime and recordkeeping provisions of the Act"). The

11

issuance of such an injunction is at the discretion of the court and requires a weighing of the finding of a violation "against the factors that indicate the violations are not likely to recur, 'such as intent to comply, extraordinary efforts to prevent recurrence, absence of repetitive violations, and absence of bad faith.'" *Id.* (quoting *Martin v. Coventry Fire Dist.*, 981 F.2d 1358, 1362 (1st Cir. 1992)).

The defendants argue that their violations resulted from "a few select errors" and "technical violative actions," but they have not shown or even articulated any efforts to prevent such issues from reoccurring or any plan to fully comply with the FLSA going forward. As such, the Court grants the Secretary's request for injunctive relief.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Secretary's Motion for Partial Summary Judgment (ECF No. 20) on the following issues:

1. That the defendants violated the overtime provisions of the FLSA: 29 U.S.C. §§ 207, 215(a)(2);
2. That Dr. Farina and Brenda Delsignore are employers for purposes of the FLSA; and
3. That the defendants violated the recordkeeping provisions of the FLSA: 29 U.S.C §§ 211, 215(a)(5); 29 C.F.R. §§ 516.2, 516.5-516.7.

The Court DENIES the Secretary's Motion on the issues of willfulness and liquidated damages.

Finally, the Court orders the following INJUNCTION:

The defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, are enjoined and restrained from violating the following provisions of the FLSA: 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
May 6, 2021