UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARTIN WALSH, Secretary of
Labor, United States Department of Labor,

    Plaintiff,

v.

NORTH PROVIDENCE PRIMARY CARE
ASSOCIATES INC., NORTH PROVIDENCE
URGENT CARE, INC., CENTER OF NEW
ENGLAND PRIMARY CARE, INC.,
CENTER OF NEW ENGLAND URGENT
CARE, INC., Dr. ANTHONY FARINA, JR.,
AND BRENDA DELSIGNORE,

    Defendants.

Civil Action No.
1:19-cv-00002-JJM-LDA

## CONSENT JUDGMENT AND ORDER

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), filed a Complaint in this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "FLSA"). (ECF No. 1). Defendants North Providence Primary Care Associates Inc., North Providence Urgent Care, Inc., Center of New England Primary Care, Inc., Center of New England Urgent Care, Inc., Dr. Anthony Farina, Jr. and Brenda Delsignore (collectively the "Defendants") received a copy of that Complaint and answered the Complaint. (ECF No. 9). On May 6, 2021, the Court entered partial summary judgment in favor of the Secretary, concluding that: (1) Defendants violated the overtime provisions of the FLSA, 29 U.S.C. §§ 207, 215(a)(2); (2) Defendants violated the recordkeeping requirements of the FLSA, 29 U.S.C. §§ 211, 215(a)(5); 29 C.F.R. §§ 516.2, 516.5-516.7; and (3) Dr. Farina and Brenda Delsignore are employers for purposes of the FLSA. (ECF No. 25).

1

The Court also enjoined and restrained "[t]he "Defendants, their agents, servants, employees, and those persons in active concert of participation with them, or acting in their interest and behalf . . . from violating the following provisions of the FLSA: 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5)." (ECF No. 25). The Court incorporates that prior summary judgment order and decision (ECF No. 25), including all relief provided therein, into this Consent Judgment and Order (the "Consent Judgment").

Defendants acknowledge the assessment by the Secretary of civil money penalties, have received notice and service of the issuance of the civil money penalties, filed an exception to those civil money penalties, and have agreed to pay civil money penalties in the amount of $50,000.00, all under Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, and 580.1–580.18.

The Court finds that it has jurisdiction to enter this Consent Judgment, and the Secretary and Defendants agree to its terms.

It is therefore ORDERED, ADJUGED, and DECREED, and in accordance with the Court's previous injunction on summary judgment that:

1. Defendants and their successors, assigns, agents, servants, employees, and all persons in active concert or participation with them or acting or claiming to act in their interest and behalf, hereby are permanently enjoined and restrained from violating the FLSA, in any of the following manners.

   a. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for

commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at rates not less than one-and-one-half times the employees' regular rates of pay.

 b. Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in 29 C.F.R. Part 516.

 c. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, has testified or is about to testify in any such proceeding, or has otherwise engaged in protected activity under the FLSA.

2. Further, the Court, finding that Defendants' employees are due back wages and liquidated damages in the total amount of $175,000.00 (inclusive of $87,500.00 in back wages and $87,500.00 in liquidated damages), as shown on the attached Exhibit A1, which is incorporated in and made a part of this Consent Judgment, it is ordered that Defendants are restrained from withholding said back wages and shall pay, jointly and severally, said back wages and liquidated damages plus any applicable interest in accordance with the terms set forth herein.

3. The date of the Court's prior injunction in this case on summary judgment was

issued on May 6, 2021. (ECF No. 25). The back wage and liquidated damages provisions of this Consent Judgment shall have no effect upon any back wages and liquidated damages which may have accrued since May 6, 2021.

4. The back wage and liquidated damages provisions of this Consent Judgment only cover the period from August 2, 2015 to May 6, 2021 for the individuals named in Exhibit A1, and this Consent Judgment shall have no effect upon any back wages and liquidated damages that may have accrued outside that time period or for any individual not named on Exhibit A1.

5. The back wage and liquidated damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to the Secretary $87,500.00 in gross back wages, from which deductions for Defendants' employees' share of social security and federal withholding taxes will be made by the United States Department of Labor with no deduction for the employees' state withholding tax, and separate payment totaling $87,500.00 in liquidated damages, none of which is subject to deductions. Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this Consent Judgment after presentation of the United States Department of Labor's quarterly summary of employee payments made.

6. Defendants may make the back wage and liquidated damages payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. Alternatively, payment may be made in the form of separate certified checks for the back wage and liquidated damages amounts made payable to "Wage and Hour Division—Labor" and delivered to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn:

Madelyn Flores. Any such check shall have Case Numbers 1807160 and 1807161 written on the face of the check.

7. The back wage and liquidated damages payments shall be made in two payments. The first such payment of $25,000.00 shall be made upon the parties' execution of this Consent Judgement and the second payment of $150,000.00 shall be made on or before 90 days from the date of the parties' full execution of this Consent Judgment.

8. Defendants shall pay, jointly and severally, the civil money penalties issued pursuant to Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, in the amount of $50,000.00 to the Secretary.

9. The civil money penalty portion of this Consent Judgment will be deemed satisfied when Defendants deliver said penalty amount to the Secretary, no later than 90 days from the parties' full execution of this Consent Judgment.

10. To comply with the civil money penalty payment provisions set forth above, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77734516 or by going to www.pay.gov and searching "WHD CMP Payment - NE Region." Defendants also have the option to provide to the Secretary a certified check, bank check, or money order, and that check or money order shall be made payable to "Wage and Hour Division—Labor" and mailed to: United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores. Any such check or money order shall have Case Numbers 1807160 and 1807161 written on the face of the check or money order.

11. In the event Defendants fail to make payment within ten days of a payment being due under this Consent Judgment, Defendants consent to the entry of a Writ of Execution,

pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Secretary may seek such a writ at any time after the lapse of the ten-day period in the foregoing sentence, and may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish within seven days a complete and accurate list of their real, personal, and business property and assets with an estimated value of $2,000.00 or more, including any bank account numbers and the locations of such property, for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

12. On or before 14 days from the parties' full execution of this Consent Judgment, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit A1, and each employee's current address and social security number (only to the extent currently known by Defendants).

13. When recovered wages or liquidated damages have not been claimed by an employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, the Secretary shall deposit the wages or liquidated damages into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

14. Defendants shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any employee or former employee under this Consent Judgment or in any manner attempt to recover any amounts paid to such employee or former employee in connection with this Consent Judgment. In the event any such amount is received from any employee,

Defendants shall immediately remit such amount to the United States Department of Labor at the following address: United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores.

15. Defendants have certified that their employment practices are currently in compliance with all applicable provisions of the FLSA as interpreted by the Secretary. If this representation is determined to be false, and Defendants are found to be in violation of the FLSA, additional civil money penalties may be owed, in addition to back wages, liquidated damages, and other damages or relief as appropriate.

16. Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action.

17. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED, this __21st__ day of ____March____, 2022.

_/s/ Mary S. McElroy_
Hon. Mary S. McElroy
United States District Judge
District of Rhode Island

FOR THE SECRETARY:

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Counsel for Wage & Hour

*SUSAN SALZBERG* (Digitally signed by SUSAN SALZBERG, Date: 2022.03.10 10:04:31 -05'00')

_____
Susan G. Salzberg
Senior Trial Attorney
MA BBO No. 556437
salzberg.susan@dol.gov

U.S. Department of Labor
Dated:

FOR DEFENDANTS North Providence Primary Care Associates, Inc, North Providence Urgent Care, Inc, Center of New England Primary Care, Inc., Center of New England Urgent Care, Inc.:

_____
Michael J. Lepizzera, Jr. Esq.

Lepizzera & Laprocina Counsellors at Law, Ltd.
117 Metro Center Blvd., Suite 2001
Warwick, RI 02886
RI Bar # 4995
mlepizzera@leplap.com
Dated:

FOR DEFENDANT Dr. Anthony Farina, Jr.

_____
Dr. Anthony Farina, Jr.
Dated: 3/8/22

FOR DEFENDANT Brenda Delsignore

_____
Brenda Delsignore
Dated: 3/9/22

Exhibit A1 to Consent Judgment

| LAST NAME | FIRST NAME | BACK WAGES | LIQUIDATED DAMAGES |
|---|---|---|---|
| ADAMS | JAMAR | $ 294.28 | $ 294.28 |
| ALI | SIDRA | $ 3,512.66 | $ 3,512.66 |
| ARPIN | KAREN | $ 187.11 | $ 187.11 |
| BAESZLER | JORDAN | $ 330.28 | $ 330.28 |
| BETTEZ | JUSTIN | $ 229.33 | $ 229.33 |
| BRUM | KRYSTAL | $ 218.97 | $ 218.97 |
| BUCCO | CATHLEEN | $ 56.86 | $ 56.86 |
| BURGHARDT | JOHN | $ 110.68 | $ 110.68 |
| CASAVANT | CHERYL | $ 9,199.51 | $ 9,199.51 |
| CHAPPELL | TRACY | $ 167.21 | $ 167.21 |
| CLARK | MEGAN | $ 361.28 | $ 361.28 |
| CLAY | ASHLEY | $ 52.81 | $ 52.81 |
| COATES | STEPHANIE | $ 175.58 | $ 175.58 |
| COTE | BRITTANY | $ 3,138.78 | $ 3,138.78 |
| CRESPO | KAYLEE | $ 153.84 | $ 153.84 |
| CROSS | MARIE | $ 113.86 | $ 113.86 |
| CYR | KIMBERLY | $ 73.58 | $ 73.58 |
| DELMARIO | GRACE | $ 294.28 | $ 294.28 |
| DEXTRADEUR | PATRICIA | $ 161.59 | $ 161.59 |
| EASTMAN | KATIE | $ 2,343.33 | $ 2,343.33 |
| ETHRET | SUZANNE | $ 125.55 | $ 125.55 |
| FABRIZIO | DANTE | $ 190.63 | $ 190.63 |
| FERNANDEZ | FLORISBELLA | $ 6,982.06 | $ 6,982.06 |
| FORTE | NICOLE | $ 65.15 | $ 65.15 |
| FORTES | NANCY | $ 2,749.60 | $ 2,749.60 |
| GAUTHIER | GISELLE | $ 285.93 | $ 285.93 |
| GIFFORD | LIAM | $ 222.15 | $ 222.15 |
| GLOVER | CAITLIN | $ 1,845.14 | $ 1,845.14 |
| GOTHBERG | ASHLEY | $ 178.44 | $ 178.44 |
| GREEN | BETH | $ 358.03 | $ 358.03 |
| HEROUX | MARISSA | $ 69.28 | $ 69.28 |
| HEYWOOD | LAUREN | $ 4,047.21 | $ 4,047.21 |
| HOPKINS | JONNIE | $ 122.62 | $ 122.62 |
| JIMENEZ | JENNIFER | $ 113.55 | $ 113.55 |
| JOANNE | TOREM | $ 3,247.71 | $ 3,247.71 |
| KING | ZENAIDA | $ 80.26 | $ 80.26 |
| LABOSSIERE | MARLAINA | $ 1,315.74 | $ 1,315.74 |
| LAPINSKI | KAREN | $ 258.45 | $ 258.45 |
| LEDO | NICOLE | $ 1,773.50 | $ 1,773.50 |
| LEDUC | CHELSEA | $ 1,401.45 | $ 1,401.45 |
| LEE | ADAM | $ 231.71 | $ 231.71 |
| LEMIRE | XIOMARA | $ 241.27 | $ 241.27 |

| | | | | | |
|---|---|---|---|---|---|
| LOISELLE | PATRICIA | $ | 88.11 | $ | 88.11 |
| LOPEZ | RICKY | $ | 4,435.70 | $ | 4,435.70 |
| MACKAY | NICOLE | $ | 521.68 | $ | 521.68 |
| MALDONADO | JOHANNA | $ | 62.75 | $ | 62.75 |
| MANCINI | NIKOLE | $ | 59.66 | $ | 59.66 |
| MARABELLO | CAITLAN | $ | 1,456.29 | $ | 1,456.29 |
| MARINA | ANIVEKA | $ | 290.96 | $ | 290.96 |
| MARSH | JULIE | $ | 3,057.48 | $ | 3,057.48 |
| MAYO | STEPHANIE | $ | 3,275.33 | $ | 3,275.33 |
| MCWILLIAMS | JENNIFER | $ | 67.62 | $ | 67.62 |
| MILLER | HEATHER | $ | 41.80 | $ | 41.80 |
| MONTEIRO | JESSICA | $ | 59.25 | $ | 59.25 |
| MOREIRA | ANABELLE | $ | 69.29 | $ | 69.29 |
| MORELAND | ERIN | $ | 315.23 | $ | 315.23 |
| MORETTI | DALAINA | $ | 360.25 | $ | 360.25 |
| NIXON | JESSICA | $ | 3,351.60 | $ | 3,351.60 |
| NOTAGIACOMO | JENNIFER | $ | 62.12 | $ | 62.12 |
| ORELLANA | YENI | $ | 242.20 | $ | 242.20 |
| OSARIA | WALESKE | $ | 41.33 | $ | 41.33 |
| PADILLA | MARISOL | $ | 82.68 | $ | 82.68 |
| PADIN | NATALY | $ | 598.88 | $ | 598.88 |
| PIERCE | KRISTEN | $ | 112.74 | $ | 112.74 |
| PIGEON | KIMBERLY | $ | 1,375.94 | $ | 1,375.94 |
| PITCAVAGE | TRACY | $ | 2,821.77 | $ | 2,821.77 |
| POONS | SAMANTHA | $ | 80.26 | $ | 80.26 |
| POP | PATRICIA | $ | 361.16 | $ | 361.16 |
| RAPACCIVOLO | SALVATORE | $ | 124.53 | $ | 124.53 |
| RICHELLY | TEJADA | $ | 62.12 | $ | 62.12 |
| RIDENOUR | CASSANDRA | $ | 351.17 | $ | 351.17 |
| RIVAS | JACQUELINE | $ | 1,480.52 | $ | 1,480.52 |
| RODRIGUEZ | ENID | $ | 866.20 | $ | 866.20 |
| RODRIGUEZ | ERIN | $ | 417.72 | $ | 417.72 |
| ROMERO | WENDY | $ | 62.60 | $ | 62.60 |
| ROSARIO | KATHRYRIA | $ | 76.92 | $ | 76.92 |
| SANTOS | JENNIFER | $ | 238.10 | $ | 238.10 |
| SAWYER | JON | $ | 63.54 | $ | 63.54 |
| SCANLON | KRISTEN | $ | 3,210.35 | $ | 3,210.35 |
| SEYON | ZENOBIA | $ | 2,497.66 | $ | 2,497.66 |
| SIERRA | VICTORIA | $ | 94.17 | $ | 94.17 |
| SOLLENBERG | KERRI ANN | $ | 283.20 | $ | 283.20 |
| SOLOMON | MELINDA | $ | 269.75 | $ | 269.75 |
| SOUKAMMOUTH | NATIIALIE | $ | 1,056.79 | $ | 1,056.79 |
| STEFRANZIK | MELISSA | $ | 274.21 | $ | 274.21 |
| STILL | TANIA | $ | 69.67 | $ | 69.67 |
| SUNOSKI | MICHELLE | $ | 488.66 | $ | 488.66 |

| | | | | | |
|---|---|---|---|---|---|
| TAMELES | LISA | $ | 65.94 | $ | 65.94 |
| TEBANO | JENNIFER | $ | 1,019.24 | $ | 1,019.24 |
| THOMAS | LYNN | $ | 238.22 | $ | 238.22 |
| TULLIE | ELAINE | $ | 782.21 | $ | 782.21 |
| VALLES | TENITA | $ | 163.94 | $ | 163.94 |
| VARGAS | JESSICA | $ | 377.29 | $ | 377.29 |
| VELASQUEZ | JOHANNA | $ | 416.00 | $ | 416.00 |
| VELLECO | ANTONETTA | $ | 625.51 | $ | 625.51 |
| VENTURA | TRACY | $ | 73.23 | $ | 73.23 |
| VIERA | KAITLIN | $ | 197.46 | $ | 197.46 |
| WATERMAN | LISA RAE | $ | 69.59 | $ | 69.59 |
| WHALEN | COLLEEN | $ | 596.21 | $ | 596.21 |
| WILKINSON | CARISSA | $ | 158.24 | $ | 158.24 |
| WILLER | MEGAN | $ | 101.27 | $ | 101.27 |
| WINTER | AMY | $ | 154.23 | $ | 154.23 |
| WORDELL | JENNIFER | $ | 100.21 | $ | 100.21 |
| Total | | $ | 87,500.00 | $ | 87,500.00 |